**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **IN THE MATTER OF** | : | **CASE NO. 3:11MJ7047** |
| **THE EXTRADITION OF** | | |
| | : | |
| **ESMOND ROBINSON** | | |
| | : | **EXTRADITION ORDER** |

This proceeding was filed pursuant to 18 U.S.C. § 3184 to certify the extradition to the United Kingdom of Esmond Rodney Robinson (Respondent), a British citizen.  The case came before the undersigned Magistrate for hearing and determination.  Based upon the evidence and exhibits submitted at the initial and final hearings, the Magistrate grants the government's extradition request for the reasons which follow.

### INTRODUCTION

On August 5, 2011, the undersigned Magistrate issued a complaint and arrest warrant seeking the extradition of Respondent to the United Kingdom, pursuant to an extradition treaty between the United Kingdom of Great Britain and Northern Ireland and the United States (UK-NI-US), 2003 U. S. T. LEXIS 129, T. I. A. S. No. 108-23 (March 31, 2003), and pursuant to 18 U.S.C. § 3184 *et seq*. Respondent was arrested on August 7, 2011, and taken into the custody of the United States Marshals.  The following allegations are set forth in support of the Extradition Request:

Respondent, the father of six children, allegedly assaulted his minor daughter Jasmine on April 25, 2004, by punching her in the face causing a black eye; had sexual, vaginal intercourse with minor daughters Jasmine, Natasha and Veronica without consent between 2002 and 2004; and willfully ill-treated the three daughters "in a manner likely to cause unnecessary suffering or injury to health between 2002 and 2004." The charged offenses are provided for in Article 2 of the extradition treaty referred to previously.

Respondent's request for bond release was denied following a hearing on August 17, 2011. He remains in the custody of the U.S. Marshals.

### REQUIREMENTS FOR EXTRADITION CERTIFICATION.

International extradition proceedings are conducted pursuant to 18 U. S. C. § §3184 and 3186. Extradition is the dual responsibility of the executive and a judicial officer with the defined role of determining whether to certify to the Secretary of State that the evidence submitted is "sufficient to sustain the charge filed by the country requesting extradition." *United States v. Kin-Hong,* 110 F.3d 103, 109 (1st Cir. 1997). The requirements for certification in international extradition proceedings are well-settled and set forth as follows: 1) the judicial officer is authorized to conduct the extradition proceeding; 2) the court has jurisdiction over the fugitive; 3) the applicable treaty is in full force and effect; 4) the crimes for which surrender is requested are covered by the applicable treaty, and 5) there is sufficient evidence to support a finding of probable cause as to each charge for which extradition is requested. *Fernandez v. Phillips,* 268 U.S. 311, 312 (1925).

### EVIDENCE PRESENTED

At the earlier extradition hearing on August 17, 2011, counsel for the parties agreed that all

requirements for extradition are met in this case with the exception of probable cause which the parties agreed to address at a subsequent hearing. At the initial hearing. the government offered, without objection, three exhibits and Respondent's passport. The exhibits and passport were admitted into evidence.

**Exhibit 1** is the Declaration of Cameron Holland, an attorney-adviser in the Office of the Legal Adviser for the Department of State, Washington, District of Columbia (D.C.). Ms. Holland's office has responsibility for extradition requests and she was assigned the extradition case of Respondent.

The declaration includes the Extradition Request made pursuant to the UK-NI-US Treaty signed on March 31, 2003, as amended. The request alleges that Respondent is a British citizen accused of the following:

1. Seven counts of rape, contrary to Section 1 of the SEXUAL OFFENSES ACT of 1956;
2. One count of rape, contrary to Section l(1) of the SEXUAL OFFENSES ACT of 1956;
3. Three counts of cruelty to a person under age 16, contrary to Section 1(1) of the CHILDREN AND YOUNG PERSONS ACT of 1933; and
4. One count of Assault Occasioning Actual Bodily Harm, contrary to Section 47 of the OFFENSES AGAINST THE PERSON ACT of 1861.

The declaration further states that the documents submitted include a certified and authenticated warrant of arrest, a Crown Court indictment, depositions, exhibit and evidence of identity.

**Exhibit 2** includes the warrant dated July 2, 2010 for respondent's arrest, the twelve count indictment, statement of the particulars of the offense, summary of the complainants evidence gathered during the police investigation, description and location of respondent Robinson, his picture and fingerprints. Exhibit 2 is certified by District Judge Nicholas Evans of the Magistrates' Court sitting at the City of Westminister.

3

The summary of the complainants evidence gathered during the police investigation states, *inter alia*, that Natasha Robinson was video interviewed on August 24, 2007 about the allegation that her father sexually abused her. She was born on January 16, 1993 and was between 9 and 11 years of age when the alleged offenses occurred.

"She described her father getting drunk virtually every night, usually with up to a bottle of vodka and spending long periods on the internet. Usually the girls would be on the sofa or in their bedroom. As the nights wore on she describes him ordering one of the four girls to go to his bedroom most nights. She never witnessed what her father did to any of the other girls once they were in his room and could only account for what happened to her once she was summoned to his room. She describes him forcing her onto his bed, sometimes by dragging her by the hair, then removing her clothing. He removed his clothing and pinned her to the bed. She recalled being ordered to his room where he would rape and molester her about once every week or two" (Exhibit 2, pgs.13- 14)

Summaries of the video interviews of Veronica Robinson and Jasmine Robinson are included in Exhibit 2 at pages 14-15.

**Exhibit 3** is the sworn deposition of Solicitor Tina Whybrow which includes the relevant statutory provisions in relation to the maximum sentence for an offence of rape and the statutory provisions for rape pursuant to Section 1 of the SEXUAL OFFENCES ACTS 1956 and 2003. The deposition is certified by a District Judge (Magistrates' Court) sitting at the City of Westminister.

**PROBABLE CAUSE HEARING**

At the probable cause hearing, counsel again reiterated their agreement that the only issue

to be addressed is whether there is sufficient evidence to support a finding of probable cause as to each charge for which extradition is sought. "The probable cause standard applicable to an extradition hearing is the same as the standard used in federal preliminary hearings. Thus, the magistrate's role is 'to determine whether there is competent evidence to justify holding the accused to await trial, and not to determine whether the evidence is sufficient to justify a conviction.' " The court must find that there is probable cause to believe that the crime charged by the United Kingdom was committed and that the respondent committed the crime. *Hoxha v. Levi,* 465 F.3d 554, 561 (3rd Cir. 2006)(*citing Sidali v. I. N. S.*, 107 F.3d, 191, 199 (3rd Cir. 1997)).

The government relies upon the certified Exhibits 1, 2 and 3 offered at a previous hearing to support a finding of probable cause including the indictment, depositions and summary of evidence against Respondent. Respondent offered seven exhibits consisting of handwritten letters written by: (1) Charlotte Robinson dated May 3, 2004, and August 27, 2011(Exhibits 1 and 2); Respondent's mother dated August 12, 2011 (Exhibit 3); (2) Jasmine Robinson dated May 12, 2004, November 26, 2007 and November 27, 2007 (Exhibits 4, 5 and 6); and (3) Jasmine Robinson's undated letter (Exhibit 7).

Respondent's counsel acknowledged in oral argument that Respondent's evidence is limited to that which is explanatory as to the allegations contained in the documents presented by the government. Respondent argues that although the letters are not certified or authenticated, they offer an explanation with regard to the charges and that the Court should, in its discretion, consider the documents offered. The Court accepted the letters as part of the record in this case and has reviewed the letters. Without authentication, however, the Court is unable to determine the reliability or credibility of the letters and is unable to rely upon them as offering an explanation as to

Respondent's alleged conduct.

In his argument, Respondent's counsel brought to the Court's attention that the government's involvement with the Robinson family began in approximately October, 2001 when the children's biological mother and father were still married; that the three allegations of parental negligence were investigated during the marriage; that the children's biological mother fled the home and never returned to live there; Respondent had full physical custody of six minor children who included four daughters and two sons.

Based upon its review of the evidence and depositions submitted by the government, the undersigned Magistrate does find that probable cause exists for extradition and requests that the handwritten letters be incorporated in the record to be submitted to the Secretary of State for her consideration (Exhibits 1 though 7).

## FINDINGS AS TO CERTIFICATION

After review of the evidentiary record and arguments of counsel, the undersigned hereby finds and the parties agree that: 1) the judicial officer is authorized to conduct the extradition proceeding; 2) the court has jurisdiction over the fugitive; 3) the applicable treaty is in full force and effect, and 4) the crimes for which surrender is requested are covered by the applicable treaty. The Court further finds that there is sufficient evidence, based upon the certified exhibits submitted by the government, to support a finding of probable cause as to each charge for which extradition is requested.

## CONCLUSION

For the reasons set forth, the undersigned orders that the request for Extradition of Esmond Robinson be granted.

**IT IS SO ORDERED.**

                                                               <u>/s/Vernelis K. Armstrong</u>
                                                               United States Magistrate Judge

Date:   September 30, 2011